IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL ALAN JOHNSON, #A0161659, | ) ) ) | CIV. NO. 07-00208 HG-BMK |
| Petitioner, | ) ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATION TO DENY PETITION |
| CLAYTON FRANK, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO DENY PETITION

Petitioner, a state prisoner proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that his continued incarceration is in violation of the Double Jeopardy Clause of the Fifth Amendment.  A court may dismiss a habeas petition without issuing an order to show cause if it appears the petitioner is not entitled to relief.  *Harris v. Nelson*, 394 U.S. 286, 298-99 (1969); *Hunt v. Eyman*, 429 F.2d 1318, 1319 (9th Cir. 1970).  This result is appropriate in this case.  For the following reasons, the court finds and recommends that the Petition be DENIED with prejudice.

# BACKGROUND[1]

Petitioner was arrested on May 1, 1995.  He remained incarcerated until November 10, 1997, when he was convicted of Manslaughter in Cr. No. 95-170 and sentenced to five years probation.

On January 27, 1999, Petitioner was arrested and held pending probation revocation proceedings.

On May 3, 2000, Petitioner posted bail and was released.

On April 3, 2002, the circuit court revoked Petitioner's probation and sentenced him to ten years incarceration.  He was given credit for the time served from May 1, 1995 to November 10, 1997, and from January 27, 1999, to May 3, 2000.  He was not given credit for the time he was on probation or released on bail.

Approximately one year later, on April 16, 2003, Petitioner filed a Motion for Reconsideration, to Vacate Sentence and Set Aside Judgment pursuant to Hawaii Rules of Penal Procedure Rule 35.  In this Motion, Petitioner contended

---

[1] The facts herein are taken from the Petition, the exhibits attached thereto, and the public documents located on the State of Hawaii Judiciary database, located at http://hoohiki2.courts.state.hi.us/jud/Hoohiki.  (*See* Ex. 1, *State v. Johnson*, Cr. No. 95-170, "Order Denying Defendant's Motion for Additional Credit for Time Served to Correct an Illegal Sentence," entered by the Circuit Court of the Third Circuit, State of Hawaii ("circuit court", Sep. 23, 2003; Ex. 2, *State v. Johnson*, No. 26167, "Summary Disposition Order," entered by the Intermediate Court of Appeals ("ICA"), Jun. 17, 2005.)

that his ten-year sentence was illegal and he was unable to present a potentially

meritorious defense because the State denied him access to his probation file.

On August 13, 2003, Petitioner filed a Motion for Additional Credit for

Time Served to Correct an Illegal Sentence pursuant to Haw. R. Penal P. 35.

Petitioner argued that his ten-year sentence was illegal because, inter alia, he was

not credited with four years of time spent on probation.

On September 23, 2003, the circuit court denied both motions.

Petitioner appealed, and on June 17, 2005, the ICA affirmed.

Petitioner states that he did not receive notice of the ICA order until more

than a year later, when his mail was finally delivered to him on July 9, 2006.

Although he does not explain why he waited nine months before filing the present

Petition, Petitioner argues that the State's delay in forwarding his mail  prevented

him from timely filing a federal petition within the statute of limitation set forth in

28 U.S.C. § 2244(d)(1).  Nor does Petitioner explain why, upon receiving the

ICA's opinion, he failed to appeal the decision by application for certiorari with the

Hawaii Supreme Court.  Instead, he argues that, upon conclusion of the ICA's

proceeding, he had no other avenues remaining.  (*See* Pet. 7, "No other remedies

available, as any other procedures would go through the sentencing court and

appellate court that have already denied this ground.")

3

On April 20, 2007, Petitioner filed the Petition in this court.

## DISCUSSION

Petitioner argues that the revocation of his probation and subsequent resentencing, without credit for time served on probation, violated double jeopardy. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. The Double Jeopardy Clause is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969). The guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal or conviction and (2) multiple punishments for the same offense. *See Witte v. United States*, 515 U.S. 389, 395-96 (1995).

It is clear, as Petitioner argues, that probation constitutes punishment for double jeopardy purposes. *See e.g., Kennick v. Superior Court of State of Cal., Los Angeles County*, 736 F.2d 1277, 1283 (9th Cir. 1984). It does not necessarily follow, however, that refusal to give credit for time served on probation when resentencing to a term of incarceration, violates double jeopardy. In *Kennick,* which Petitioner relies upon in support of his argument, the court specifically reserved its holding to "whether the probationer can be required to reserve

4

probation time already served *rather* than whether after revocation of probation for some infringement the probationer can be sentenced to imprisonment without credit for the time served on probation." *Id.* at 1282.  The court found that appellant could not be sentenced to a second term of *probation*, without credit for the two years he had already spent on probation. The court noted, however, that appellant had not served the *custodial* one- year portion of his probation, and stated that "the double jeopardy clause does not prohibit the state from requiring him to fulfill the *custodial condition* of the original order." *Id.* at 1283.  The court then remanded the case to the state court to consider whether the appellant should be required to fulfill the custodial condition of his probation.

"[P]unishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation[.]" *United States v. Soto-Olivas*, 44 F.3d 788, 791-92 (9th Cir. 1995) (holding that a subsequent prosecution for the same conduct does not violate the Double Jeopardy Clause); *see also Johnson v. United States*, 529 U.S. 694, 700-01(2000) ("We . . . attribute postrevocation penalties to the original conviction.").

Similarly, state probation revocation proceedings "are not new criminal prosecutions but, rather, [are] continuations of the original prosecutions which resulted in probation  . . . ." *Hardy v. United States*, 578 A.2d 178, 181 (D.C.

1990); *see Johnson v. United States*, 763 A.2d 707, 711 (D.C. 2000).  "Any

sentence imposed as a result of revocation is not premised on [] new criminal

charges, but derives exclusively from the original sentence on the earlier offense."

*State v. Brunet*, 806 A.2d 1007, 1011 (Vt. 2002).  Because revocation proceedings

are not new criminal prosecutions, and do not punish the defendant for new

criminal actions committed while on probation, double jeopardy does not attach.

Clearly, double jeopardy is not implicated by the revocation of Petitioner's

probation and his resentencing to a term for which he could have originally been

sentenced.  *See United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980)

(finding it constitutional for a court to suspend imposition of a sentence, and then

to impose *any sentence originally possible* following revocation of probation under

a federal statute); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994)  (upholding as

constitutional a forfeiture of five years' probation time when an Idaho state court

imposed an originally withheld sentence of twenty years after a probation

revocation); *see also Petersen v. Dunbar*, 355 F.2d 800 (9th Cir. 1966) (holding

that imposition of felony sentence on defendant after revocation of probation was

not double jeopardy, although defendant had served four months of probationary

period in road camp as condition of probation).

Petitioner was originally sentenced to ten years incarceration with credit for time served.  *See* http://hoohiki2.courts.state.hi.us/jud/Hoohiki, *State v. Johnson,* 3PC95-0-000170 (Judgment; Notice of Entry (Count I: Manslaughter (Lesser Included Offense) - 10 years Jail with credit for time served, entered Jun. 26, 1997).  He was later sentenced to five-years probation.  Thus, his resentencing to ten years incarceration upon revocation of his probation did not violate double jeopardy.

Even construing the Petition as seeking credit for time served on probation under other unspecified constitutional rights is unavailing, as there is no federal right to time served.  *See e.g., United States v. Johnson,* 529 U.S. 53, 60 (2000) (holding that credit for time served in prison is not interchangeable with supervised release time); *United States v. Shead*, 568 F.2d 678, 682-84 (10th Cir.1978) (no equal protection problem when prisoners are not awarded credit against their prison sentences for time spent on formal probation.); *Hall v. Bostic*, 529 F.2d 990 (4th Cir.1975) (same); *Sterling v. Reid*, 479 F. Supp. 330, 333 (S.D.N.Y.1979); *White v. Wyrick*, 432 F. Supp. 1316, 1318-20 (W.D. Mo.1977).

Petitioner's claim for habeas relief is only valid if state law grants him a right to time served.  The underlying state law must delineate this right clearly such that there is a liberty interest in this right.  *Hicks v. Oklahoma*, 447 U.S. 343, 346

(1979).  Hawaii law does not grant credit for time served on probation, that is, for

time during which a defendant is not incarcerated.  *See State v. Rauch*, 13 P.3d

324, 325 (2000); *State v. Delima*, 893 P.2d 194, 198 (1995); Haw. Rev. Stats.

§§ 706-623 (1999)[2] & 706-671 (1993).[3]  Thus, Petitioner has no liberty interest in

time served on probation.  Moreover, Section 2254(d)(1) grants a federal habeas

court authority to review only decisions by state courts that are contrary to or

unreasonable applications of clearly-established federal law.  This court has no

jurisdiction to consider alleged violations of state law.

---

[2] Section 706-623(2) provides in relevant part that, "[w]hen a defendant who is sentenced to probation has previously been detained in any state or county correctional or other institution following arrest for the crime for which sentence is imposed, the period of detention following arrest shall be deducted from the term of imprisonment if the term is given as a condition of probation."

[3] Section 706-671(2) (1985) mandates that credit for time served *in prison* in connection with an offense be deducted from the minimum and maximum term of imprisonment of the new sentence. The subsection provides in pertinent part:

> (2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of *detention and imprisonment* theretofore served shall be deducted from the minimum and maximum terms of the new sentence..

Haw. Rev. Stat. § 706-671(2) (emphasis added).

As it is clear that Petitioner is not entitled to relief on his claims, the court need not address his concession that he failed to properly exhaust his claims by seeking discretionary review by the Hawaii Supreme Court.  *See* 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Nor will the court address the apparent untimeliness of the Petition and its likely time-bar under  28 U.S.C. § 2244(d)(1).[4]

---

[4] Petitioner states that he was resentenced on April 3, 2002.  He did not appeal this new judgment, thus the statute of limitation began to run thirty days later, on May 3, 2002. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002). It continued to run until Petitioner filed his first post-conviction petition on April 16, 2003, representing 348 days. The statute was then tolled until, at the latest, July 9, 2006, when Petitioner alleges that he received the ICA order. It began running again on July 10, 2006, and expired seventeen days later, on July 27, 2006.  As noted, Petitioner did not file the Petition until April 20, 2007, or April 17, 2007, if he gave the Petition to prison authorities for mailing on the same date that he signed the Petition.  As such, barring equitable tolling, the Petition is time-barred.

It is hereby recommended that this habeas petition be denied.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 25, 2007

<u>Johnson v. Frank</u>, Civ. No. 07-208 HG-BMK; Findings and Recommendation to Deny Petition; dmp/Habeas 07/ Johnson 07-208 (F&R dny merits)