IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| DANIEL ALAN JOHNSON, #A0161659,<br><br>            Petitioner,<br><br>      vs.<br><br>CLAYTON FRANK,<br><br>            Respondent. | ) CIV. NO. 07-00208 HG-BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PETITION FOR HABEAS CORPUS**
**AND**
**DENYING DANIEL ALAN JOHNSON A CERTIFICATE OF APPEALABILITY**

Petitioner Daniel Alan Johnson ("Johnson") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that his continued incarceration is in violation of the Double Jeopardy Clause of the Fifth Amendment. On April 25, 2007, the Magistrate Judge entered a "Findings and Recommendation to Deny Petition" (Doc. 6.)  On May 11, 2007, Petitioner filed "Objections to Findings and Recommendation to Deny Petition" (Doc. 7.)  Respondent did not file a response.

For the reasons set forth below, the Court **ADOPTS AS MODIFIED** the magistrate judge's "Findings And Recommendation To Deny Petition", **DENIES** the Petition for Writ of Habeas Corpus **WITH PREJUDICE**, and **DENIES** Johnson a certificate of appealability.

**BACKGROUND AND PROCEDURAL HISTORY**

The Magistrate Judge's Findings And Recommendation To Deny Petition details the relevant background and procedural history which the Court incorporates by reference and adopts.

**STANDARD OF REVIEW**

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b). If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

**LEGAL STANDARD**

**I.   Section 2254**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state court conviction is not

entitled to federal habeas corpus relief unless he can show that the state court's adjudication of a claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

### A. *"Contrary To" Clearly Established Federal Law*

The United States Supreme Court has interpreted the phrase "clearly established Federal law" to mean "the holdings, as opposed to the dicta of the Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's decision is "contrary to" clearly established law pursuant to 28 U.S.C. § 2254(d)(1) if it "applies a rule that contradicts the governing law" set forth in United States Supreme Court cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [that] precedent." Id. at 405-06.

### B. *"Unreasonable Application" of Clearly Established Federal Law*

A state court's decision is an "unreasonable application" of clearly established federal law pursuant to 28 U.S.C. § 2254(d)(1) if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. To be an "unreasonable application" pursuant to 28 U.S.C. § 2254(d)(1), the state court decision must be more than just incorrect or

erroneous.  Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  The state court's application of federal law must be "objectively unreasonable."  Id.; see Williams, 529 U.S. at 409.

## ANALYSIS

### *Findings and Recommendation*

Petitioner alleges that his continued incarceration is in violation of the Double Jeopardy Clause of the Fifth Amendment. In particular, Petitioner argues that his probation and subsequent re-sentencing, without credit for time served on probation, violated double jeopardy.

On April 25, 2007, the Magistrate Judge entered a "Findings and Recommendation to Deny Petition" (Doc. 6, "F&R".)  After a well-reasoned analysis, the F&R concluded that "double jeopardy is not implicated by the revocation of Petitioner's probation and his re-sentencing to a term for which he could have originally been sentenced."  (F&R at 6.)  As applied to Petitioner, the Magistrate Judge concluded that because Petitioner was originally sentenced to ten years, a re-sentencing to ten years did not violate double jeopardy. (F&R at 7.)  As the F&R stated, Hawaii law does not grant credit for time served on probation.  For these reasons, the F&R recommended that Petitioner's Petition be denied.

### *Petitioner's Objections*

On May 11, 2007, Petitioner filed "Objections to Findings and Recommendation to Deny Petition" (Doc. 7):

(1) Petitioner argues the F&R "[f]ails to state the fact that Petitioner timely appealed from the order and judgment revoking probation and re-sentencing him to

4

        ten years incarceration.";

(2)    Petitioner claims the F&R fails to state that Petitioner raised his double jeopardy argument in his "Motion for Additional Credit for Time Served" before the state circuit court.[1]; and

(3)    Petitioner's last objection states the F&R fails to credit his explanation as to why, upon receiving the Intermediate Court of Appeal's opinion, Plaintiff failed to apply for certiorari with the Hawaii Supreme Court.

    Petitioner's central concern is his double jeopardy objection.  All of Petitioner's other objections go to procedural issues regarding exhaustion of state remedies and timeliness of the Petition.  The F&R's recommendation that Petitioner's habeas petition be denied is not based on a failure to exhaust state court remedies or on the failure to file a timely Petition.  In this regard, the F&R provides:

> As it is clear that Petitioner is not entitled to relief on his claims, the court need not address his concession that he failed to properly exhaust his claims by seeking discretionary review by the Hawaii Supreme Court . . . Nor will the Court address the apparent untimeliness of the Petition and its likely time-bar under 28 U.S.C. § 2244(d)(1).

(F&R at 9.)

    The Magistrate Judge's observation in footnote four on page

---

[1] In his "Order Denying Defendant's Motion for Additional Credit for time Served to Correct Illegal Sentence", the circuit court judge rejected "Defendant's argument that he should be credited for time against his sentence for the period since he was placed on probation" as "inconsistent with the statutes of the State of Hawaii."  (Doc. 1 at Exh. 1.).

5

9 that "barring equitable tolling, the Petition is time-barred" is dicta.  As such, the Court will not address Petitioner's objections concerning exhaustion of remedies and timeliness.  To avoid any potential confusion, the Court modifies the F&R to delete the last sentence in footnote four on page 9: "As such, barring equitable tolling, the Petition is time-barred."

With regard to his double jeopardy argument, Petitioner continues to assert that "upon revocation of probation and re-sentencing to ten years incarceration, that the portion of the probationary sentence already served must be fully credited against the prison term because to do so imposes multiple punishments for the same office."  (Objections at 2.)  As clearly set forth in the F&R, this assertion is incorrect and Petitioner is not entitled to relief.

## CERTIFICATE OF APPEALABILITY

*Standard*

Under 28 U.S.C. § 2253(c), a movant must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999).  "To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000) (citations and quotations omitted).

*Application*

Johnson does not satisfy the standard for a certificate of appealability for a denial on the merits. Reasonable jurists could not debate the Court's conclusion that Johnson's sentence does not violate the Double Jeopardy Clause. Courts could not resolve this issue in a different manner and it does not deserve encouragement to proceed further. Johnson has not made the required showing for a certificate of appealability.

**CONCLUSION**

For the foregoing reasons,

(1) the Court **ADOPTS AS MODIFIED** the Magistrate Judge's April 25, 2007 "Findings And Recommendation To Deny Petition" (Doc. 6) and **DENIES** the Petition for Writ of Habeas Corpus **WITH PREJUDICE**;

(2) the Court **DENIES** Johnson a certificate of appealability; and

(3) this case is now **CLOSED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 15, 2008.



　　　/s/ Helen Gillmor

　　　Chief United States District Judge

---

Daniel Alan Johnson v. Clayton Frank; Civ. No. 07-00208 HG-BMK; **ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PETITION FOR HABEAS CORPUS AND DENYING DANIEL ALAN JOHNSON A CERTIFICATE OF APPEALABILITY**